KENNEDY *et al. v.* BURR *et al.*

(*Supreme Court, General Term, First Department.* November 23, 1888.)

EXECUTION—LEVY AND LIEN—POSTPONEMENT.

An execution will not be postponed to an attachment, afterwards levied, on the affidavit of the officer levying the execution that it was intended merely to protect

the debtors, where the proceedings prior to execution indicate a *bona fide* intention to collect the debt, and the affidavits of plaintiff in execution and of one of the debtors and their counsel, deny collusion, and show that the officer was urged to proceed, but declined to do so, and adjourned the sale from time to time, against the remonstrance of the execution creditor.

Appeal from special term, New York county.

Appeal from an order denying an application to restrain the sheriff from proceeding under an execution held by his deputy in favor of the respondent Granville S. Ingraham, and to secure to the execution of the plaintiffs in this action priority in payment out of the proceeds of the debtors' property.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*James L. Bennett* and *R. J. Lewis,* for appellants. *Thomas Allison* and *D. M. Helm,* for respondent.

DANIELS, J. The property of the debtors was seized under an attachment in favor of the plaintiffs in this action, on the day succeeding the completed levy under the execution in favor of Ingraham against the same defendants. The application to secure priority over that execution for the plaintiffs in this action proceeds upon the asserted fact that the proceeding was a friendly one, intended to protect the judgment debtors in the enjoyment, use, and sale of their property, and not in fact for the collection of the execution. And if that had been established to the satisfaction of the court, or could now be held to be proved by the affidavits, the plaintiffs in this action would be entitled to an order securing to them that advantage; for where an execution may be issued and levied in whole or in part to favor the debtor, and not for its enforcement strictly and regularly against his property, and is so used, it will become dormant in favor of succeeding execution creditors. *Dunderdale* v. *Sauvestre,* 13 Abb. Pr. 116. The controversy upon which this appeal depends is not so much as to the law as it is to the fact upon which this legal principle is made to depend. The affidavit of the deputy having the execution in charge does disclose such a state of facts as would render this execution dormant. But the case in favor of the application depends almost entirely upon the affidavits of the deputy; for those made by Lewis, the attorney, so far as they affect this fact, are in the main upon information and belief, and prove nothing as to the existence of the essential fact itself, while on behalf of the respondent and plaintiff in the execution, whose validity in this manner has been drawn in question, the affidavits are direct and positive that no such proposal or authority or intimation as the deputy swears to was made to him concerning this execution. The affiant Ackley had charge of the proceedings in the action, and of the execution after it was issued, and he, as well as the plaintiff in the execution, explained the delay intervening before the entry of the judgment to be entirely consistent with the *bona fide* intention of the respondent to collect his debt. The delay itself was obtained by special solicitation of the debtors founded upon an assurance that means would be provided, if that were conceded, through which the debt itself would be paid; and a delay obtained in that manner, and for that purpose, is not a fact which can be relied upon to abridge the creditor's rights afterwards, under his judgment and execution. The execution at first was not levied upon all of the debtors' property, but this is shown to have proceeded upon a misapprehension concerning the amount of a preceding chattel mortgage; and, when its true amount was discovered, all the debtors' property was included in the levy. The affidavit of Ackley is positive that no intimation or authority whatever was given to the deputy to favor the debtors under the execution, and no admissions made that the execution was designed to be or could be used for their convenience or protection in any manner whatever. In this statement he is sustained by the affidavit of Helm, the attorney for the respondent, and so he is by those of Ingraham, the respondent himself, and of Frisbee, and Burr, one of the debtors, and Untermeyer, his counsel. Their

affidavits all tend directly to establish the fact that no disposition existed, and no intimation was given, by which the deputy was at liberty to use the execution as a cover or protection for the debtors' property, or to delay its collection. On the contrary, the deputy was urged persistently to proceed with the sale of the property under the execution, and he declined to do so, and from time to time adjourned the sale, contrary to the remonstrance of the respondent himself and those acting in his behalf. Their affidavits entirely overcome the statements, as to the material facts, made on behalf of the plaintiffs in this action; and they certainly have a tendency to indicate the truth to be that the deputy procrastinated the proceedings with the expectation of securing a benefit to himself for the discharge of his legal duties. He denies in his affidavit that he suggested the payment to himself, for his proposed favorable management under the execution, of the sum of $1,000. But in this denial he is directly contradicted by the affidavits on behalf of the respondent. It is not necessary to determine whether this proposition was made by the deputy or not; for the facts, in no view of the case, have been established which would authorize a preference to be given to the plaintiff's execution over that of the respondent. The order was right, and it should be affirmed, with $10 costs, and also the disbursements.

VAN BRUNT, P. J., and BARTLETT, J., concur.